IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JOEY LUM BARNES                                                                                       PLAINTIFF

v.                                                                          CIVIL ACTION NO. 1:24-CV-23-SA-RP

UNITED STATES OF AMERICA
Christine E. Wormuth, as Secretary of the Army                                                        DEFENDANT

ORDER

On February 1, 2024, Joey Lum Barnes initiated this lawsuit by filing his *pro se* Complaint [1] against "the Defendant United States of America Department of the Army, by and through Christine E. Wormuth, as acting Secretary of the Army[.]" [1] at p. 1. After the Court granted the United States' request for a more definite statement, Barnes filed an Amended Complaint [14]. Now before the Court is the United States' Motion to Dismiss [15]. Although the Motion [15] was filed on August 8, 2024, Barnes has not responded in opposition and his time to do so has long passed. The Court is prepared to rule.

*Background*

Barnes enlisted in the United States Army on December 9, 1971. The following chronology of his military service was included within the record of proceedings from the Army Board for Correction of Military Records ("ABCMR") attached to Barnes' original Complaint [1]:

> c. He was assigned to Fort Polk, LA for basic combat training. His Physical Profile, dated 24 January 1972 shows he [was] suspended from all training pending Medical Board.
>
> d. On 4 February 1972, he went AWOL and on 3 March 1972, he was dropped from the rolls. He was last seen at the hospital, he was believed to be wearing civilian clothes.
>
> e. On 31 May 1972, he was arrested and confined by civil authorities. The Criminal Court Record vs[.] the applicant,

> dated 25 September 1972, shows multiple counts of breaking and entering, three grand larcenies, and two petit larcenies. He [pled] guilty to breaking and entering, grand larceny, breaking and entering, grand larceny, breaking and entering, and petit larceny, and was sentenced to 5 years in the state prison. The sentence was ordered executed. He would serve 5 years.

[1], Ex. 1 at p. 5.

On August 17, 1973, Barnes was discharged "under other than honorable conditions." *Id*. at p. 7.

At some point thereafter (though the precise date is unclear), Barnes made application to the ABCMR requesting "an upgrade of his other than honorable conditions discharge to honorable or medical discharge." *Id*. at p. 2. Upon review of the case, the ABCMR "determined that the character of service the applicant received upon separation was not in error or unjust." *Id*. at p. 12. The ABCMR therefore denied Barnes' application for a correction of his records.

The ABCMR advised Barnes of the decision via letter dated January 23, 2023. He initiated this lawsuit nine days later. In his original Complaint [1], Barnes requested the following relief:

> At the hearing of this matter, the Plaintiff prays this Court will enter an order granting him the following relief: 1 - Directing the Department of the Army to correct and update his discharge to a "medical" or "honorable" discharge; 2 - Grant him all privileges and rights associated with said upgrade in discharge as may be available to him under the federal law, common laws and the administrative regulations and laws for the United States of America and 3 - awarding him a judgment from and against the United State[s] of America Department of the Army for all damages sustained as a result of their violation of his constitutional civil rights and statutory rights as guaranteed by the U.S. Constitution and the laws of the United States of America.

[1] at p. 4.

2

On July 9, 2024, the Court entered an Order [12] granting the United States' request for a more definite statement. In the Order [12], the Court authorized Barnes to file an amended complaint and specifically ordered that an amended complaint include the following:

(1) state whether Plaintiff asserts any claims beyond a review of the ABCMR's decision under the Administrative Procedure Act and if so, what is the basis for any such additional claims;

(2) state the amount of the claimed monetary damages;

(3) state whether Plaintiff is seeking back pay, disability pay, and/or retirement pay; and

(4) state the legal theories under which Plaintiff is asserting his claims.

[12] at p. 2.

Barnes timely filed his Amended Complaint [14] on July 25, 2024. The Amended Complaint [14] includes much of the same language as his original Complaint [1] but separates his claims into two Counts— "Count I - Modification of Discharge" and "Count II - Damages." [14] at p. 5, 7. He also requests damages "in an amount of $50,000,000.00 to compensate him for the damages he has suffered as a result of the actions, negligence and omissions of duty of the Defendants herein." *Id*. at p. 8.

As indicated above, on August 8, 2024, the United States filed a Motion to Dismiss [15]. Barnes' deadline to respond was August 22, 2024 (fourteen days later). *See* L.U. CIV. R.7(b)(4). Since the Motion [15] is dispositive, the Court will not grant it as unopposed but will instead consider it on the merits without the benefit of a response. *See* L.U. CIV. R.7(b)(3)(E).

*Analysis and Discussion*

The United States raises three arguments in favor of dismissal. First, it contends that the Amended Complaint [1] should be dismissed pursuant to Rule 41(b) for failure to comply with a

3

court order. The United States contends Barnes "failed to comply with the Order as he did not state whether he was asserting claims beyond a review of the [ABCMR's] decision and did not state whether he is seeking back pay, disability pay, and/or retirement pay." [16] at p. 2.

Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b).

Here, as the United States points out, Barnes' Amended Complaint [14] does not comply with the clear directives of this Court. The Amended Complaint [14] does not indicate whether Barnes asserts any claims beyond the purview of the Administrative Procedures Act and, while stating that Barnes seeks $50,000,000.00, does not make clear whether Barnes seeks back pay, disability pay, and/or retirement pay. And although the Amended Complaint [14] includes the term "negligence," it is unclear if Barnes intends to assert a negligence claim and, if so, how he contends that the ABCMR acted negligently.

The United States' request is well-taken. Barnes has failed to comply with the clear directives of this Court's Order [12], and his Amended Complaint [14] is due to be dismissed.

Setting aside that deficiency, the Court also notes the United States' second asserted basis for dismissal—lack of service of process. In pertinent part, Rule 4 provides:

> **(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.**
>
> *(1) United States.* To serve the United States, a party must:
>
>> **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or **(ii)** send a copy

4

> of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> **(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>
> **(2) Agency; Corporation; Officer or Employee Sued in an Official Capacity.** To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

FED. R. CIV. P. 4(i)(1), (2).

Here, Barnes has only filed a Proof of Service [5] as to service on the United States Attorney for the Northern District of Mississippi. He has filed nothing to indicate that he mailed by registered or certified mail a copy of the summons and complaint to the Attorney General, as required by Rule 4(i)(1)(B). Thus, service of process has not been perfected.[1]

Pursuant to Rule 4(m), service of process must be completed within ninety days of the commencement of the lawsuit unless the Court extends the time period. *Id*. at R. 4(m). Here, the original Complaint [1] was filed on February 1, 2024. Thus, Barnes' deadline to complete service of process has long passed, and he has not sought an extension of the time period. Dismissal pursuant to Rule 4 is appropriate.[2]

---

[1] Candidly, it is unclear to the Court whether Barnes intended to name Christine Wormuth, Secretary of the Army, as a Defendant. To the extent that he intended to do so, compliance with Rule 4(i)(2)—which mandates mailing her a copy via registered or certified mail—was also required. Barnes has not filed anything to indicate that he has done so.

[2] The United States also alternatively requests that the Court transfer the case to the United States Court of Federal Claims. The Court sees no need to address this contention.

The Court is cognizant that Barnes is proceeding *pro se* and therefore should be extended some leniency. *See*, *e.g.*, *Amos v. Cain*, 2022 WL 610344, at *3 (N.D. Miss. Mar. 1, 2022) ("This Court is cognizant that leniency should be extended to *pro se* litigants . . . However, the Court cannot excuse the *Pro Se* Plaintiffs' failure to comply with the most fundamental requests[.]"). But the Court already has extended leniency to Barnes. In its previous Order [12], the Court clearly advised Barnes what information should be included in an amended complaint. Additionally, his deadline to complete service of process passed *several* months ago. Dismissal is appropriate. However, considering Barnes' *pro se* status, the Court will dismiss his claims *without prejudice*.

*Conclusion*

For the reasons set forth above, the Motion to Dismiss [15] is GRANTED. The claims are DISMISSED *without prejudice*. This CASE is CLOSED.

SO ORDERED, this the 23rd day of September, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

6